IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**HARMONY HAHN,**

       **Petitioner,**

**v.**                          **Civil Action No.  3:16-CV-118**
                                       **Criminal Action No. 3:15-CR-20-4**
                                       **(GROH)**

**UNITED STATES OF AMERICA,**

       **Respondent.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

The Petitioner, a *pro se* inmate, who is currently incarcerated at FCI Hazelton

serving a 37-month sentence, initiated this habeas corpus proceeding pursuant to 28

U.S.C. § 2255, by the filing of a motion to vacate, set aside or correct her sentence on

August 5, 2016.  ECF No. 1882[1].  A notice of deficient pleading which advised Petitioner

that her motion needed to be filed on court-approved form was issued by the Clerk on

that same date.  ECF No. 1887.  Thereafter, on August 18, 2016, Petitioner filed her

motion to vacate, set aside or correct her sentence on the proper forms.  ECF No. 1898.

On September 16, 2016, Petitioner filed a memorandum in support of her motion.  ECF

No. 1935.  On November 16, 2016, the United States filed its answer along with three

accompanying documents, the transcript of the August 25, 2015 plea entry hearing[2], the

plea agreement filed on August 25, 2015 and the transcript of the December 7, 2015

---

[1]  ECF Numbers cited herein refer to case number 3:15-CR-20-4 unless otherwise noted.
[2]  The transcript for this hearing was previously filed as ECF No. 1960.

1

sentencing hearing[3].  ECF No. 1976.  The United States then filed a motion to dismiss Petitioner's § 2255 proceedings on November 21, 2016 along with an accompanying memorandum in support thereof.  ECF Nos. 1979, 1979-1.

This case is now before the undersigned for a preliminary review and report and recommendation pursuant to 28 U.S.C. §§ 636, 1915(A) and Local Rule of Prisoner Litigation ("LR PL") P 2.

## II.  FACTUAL AND PROCEDURAL HISTORY

### A.    Petitioner's Conviction and Sentence

Petitioner was indicted on May 19, 2015 as one of forty-one defendants charged in a 163-count indictment.  ECF No. 1.  Petitioner was charged in Count 1 with conspiracy to distribute and possess heroin, in Count 132 with aiding and abetting interstate travel in aid of racketeering, and in Count 133 with aiding and abetting possession with intent to distribute heroin.  ECF No. 1.  On August 25, 2015, Petitioner entered her guilty plea to Counts 132 and 133, consistent with the plea agreement[4] filed with the court on that date.  ECF No. 738.  Pursuant to the terms of the agreement Petitioner faced a term of imprisonment up to five years for her plea to Count 132, and a term of imprisonment up to twenty years for her plea to Count 133.  ECF No. 738 at 1 – 2.  In paragraph 10, Petitioner waived her appellate rights, including the right to "challenge the conviction or the sentence or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255."  Id. at 4.  At the plea entry hearing, counsel for the Government summarized the provisions of paragraph 10 of the plea agreement, including that the agreement did not bar

---

[3]   The transcript for this hearing was previously filed as ECF No. 1961.
[4]   Count 1 was dismissed on the motion of the United States at sentencing consistent with paragraph 5 of the plea agreement.  ECF No. 738 at 2.

Petitioner "from making any arguments on appeal or collateral attack with regard to claims of ineffective assistance of counsel or prosecutorial misconduct."  ECF No. 1960 at 12:25 – 13:12.   Thereafter, the Magistrate Judge inquired of the Petitioner[5] regarding her understanding of the plea terms, including her waiver of appellate rights:

> THE COURT: Now in your plea agreement, do you understand that you have agreed to give up your right to appeal your sentence under many circumstances?
> THE DEFENDANT: Yes, sir.
> THE COURT: Ma'am, everyone found guilty of a crime in federal court in this district has the right to appeal the conviction and sentence to the Fourth Circuit  Court of Appeals in Richmond, Virginia. In Richmond a  three-judge panel reviews the conviction and the sentence  to see if it was done correctly.
> Do you understand that under the terms of Paragraph 10 A. of the plea agreement, you are giving up, or waiving, the right to appeal any order, the conviction,  and the sentence, or the manner in which that sentence was determined on any ground whatsoever, including those grounds set forth in Title 18 United States Code § 3742?
> THE DEFENDANT: Yes, sir.
> THE COURT: Do you understand that you only have the right to appeal your guilty plea if you believe it was unlawful or involuntary, or that there was some other fundamental defect in the proceedings that was not waived in the plea agreement itself?
> THE DEFENDANT: Yes, sir.
> THE COURT: However, you agree that your guilty plea today is lawful and voluntary, and that there have been no fundamental defects in the proceedings that you  are aware of; is that correct?
> THE DEFENDANT: Correct.
> THE COURT: Do you understand that everyone has the right to challenge the conviction or sentence, or the manner in which it was determined in any postconviction proceeding, sometimes called a habeas corpus petition or collateral attack under Title 28 United States Code §  2255?
> THE DEFENDANT: Yes, sir.
> THE COURT: Do you understand that under the terms of Paragraph 10 B. of the plea agreement, you have waived   your   right   to   challenge   your   conviction,   the

---

[5]  Petitioner herein is referred to as "Defendant" in the transcript of the Plea Hearing.

sentence, or the manner in which it was determined in any postconviction proceeding, including a habeas corpus petition or collateral attack brought under Title 28 United States Code § 2255?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that your only legal remedies on appeal or collateral attack are for claims of ineffective assistance of counsel or for prosecutorial misconduct?

THE DEFENDANT: Yes, sir.

THE COURT: However, you agree that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct; is that correct?

THE DEFENDANT: Correct.

THE COURT: That's correct?

THE DEFENDANT: Yes.

THE COURT: Okay. Have you discussed the—the importance--the waiver of these important appellate rights with your attorney?

THE DEFENDANT: Yes.

THE COURT: And having done so, do you still wish to waive these rights?

THE DEFENDANT: Yes, sir.

ECF No. 1960 33:21 – 36:6. On December 7, 2015, Petitioner was sentenced by the District Court to 37 months of incarceration. ECF Nos. 1411, 1961. According to the Bureau of Prisons website, Petitioner's projected release date is September 3, 2018.

## B.  Petitioner's Direct Appeal

Petitioner did not directly appeal her conviction. ECF No. 1898 at 2 – 3.

## C.  Petitioner's Federal Habeas Corpus Petition.

By filing an initial motion to vacate, set aside or correct her sentence, pursuant to 28 U.S.C. § 2255, Petitioner instituted the instant case, after which she refiled her motion on the proper forms. ECF Nos. 1882, 1898. In the second motion to vacate, Petitioner raises two grounds for relief:

1.    **Ground One.**  Petitioner claims that she is entitled to a retroactive minor role reduction pursuant to United States Sentencing Guidelines ("the Guidelines") Amendment 794 § 3B1.1, because "[t]he degree to which [she] exercised decision-making authority or influenced the exercise of decision-making authority should be considered due to the nature of [her] involvement."  ECF No. 1898 at 5.

2.    **Ground Two.**  Petitioner claims that she is also entitled to a retroactive minor role reduction pursuant to Amendment 794 § 3B1.1, because, "[t]he nature and extent of [her] participation in the commission of the criminal activity, including the acts [she] performed and the responsibility and the discretion [she] had in performing those acts."  ECF No. 1898 at 6.

## III.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but

> also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

Id. at 327.   Frivolity dismissals should only be ordered when the legal theories are indisputably meritless, or when the claims rely on factual allegations which are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### A.    Pro Se Pleadings

Courts must read *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).   However, while *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, even under this less stringent standard, a *pro se* complaint is still subject to dismissal.  Haines, supra, at 520–21.  "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'"  Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999).  However, "judges are [ ] not required to construct a party's legal arguments for him."  Small v. Endicott, 998 F.2d 411, 417 - 8 (7th Cir.1993).

### B.    Motions made Pursuant to 28 U.S.C. § 2255

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence imposed in a separate proceeding.   To succeed on such a motion, the movant must prove one of the following, that: (1) the conviction or sentence was imposed in violation of the laws or Constitution of the United States; (2) the court in imposing sentence lacked jurisdiction; (3) the sentence exceeded the maximum

authorized by law; or (4) the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

The United States Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). Petitioners are limited in the issues which may be addressed in cases brought pursuant to § 2255. Petitioners who fail to raise issues on direct appeal or who raise issues on direct appeal which are decided there are both precluded from addressing those same issues in § 2255 proceedings.

"Nonconstitutional claims that **could** have been raised on direct appeal, but were not, may not be asserted in collateral proceedings." Stone v. Powell, 428 U.S. 465, 477, n.10, (1976) (emphasis in original) (citing Sunal v. Large, 332 U.S. 174, 178-79 (1947)); *see also* United States v. Linder, 552 F.3d 391, 396-97 (4th Cir. 2009) (A petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that **could have** been raised on appeal.") (Quoting Brian R. Means Fed. Habeas Practitioner Guide, Jurisdiction ¶ 1.23.0) (2006-2007) (emphasis in original) (internal citations omitted). Similarly, the Supreme Court has long held that the general rule that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003).

The Fourth Circuit has also held that when a petitioner raises issues which have been previously appealed and decided, that petitioner "will not be allowed to recast, under the guise of collateral attack, questions fully considered" in earlier decisions. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976), citing Herman v.

United States, 4th Cir., 227 F.2d 332 (1955); Accord United States v. Harrison, No. 96-7579, 1997 WL 499671, at *1 (4th Cir. August 25, 1997) (unpublished).

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504, 508 (1984); Bousley v. United States, 523 U.S. 614, 621 (1998). "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 49.0, 492-93 (4th Cir. 1999).

A constitutional error that could have been, but was not raised on appeal, may not be raised for the first time in a § 2255 motion, unless it passes a two part-test which requires the movant to show either (1) "cause" that excuses the failure to raise the error on appeal and "actual prejudice" resulting from the error, or (2) that a miscarriage of justice would occur if the court refuses to entertain a collateral attack. (citing Bousley, 523 U.S. at 621-22); Frady, 456 U.S. at 167-68.

The Supreme Court has recognized that it has not strictly defined "cause" because of "the broad range of potential reasons for an attorney's failure to comply with a procedural rule, and the virtually limitless array of contexts in which a procedural default can occur." Reed v. Ross, 468 U.S. 1, 13, (1984) (Citing Wainwright v. Sykes, 433 U.S. 72, 87 (1977). The Supreme Court explained that, "[u]nderlying the concept of cause, however, is at least the dual notion that, absent exceptional circumstances, a

defendant is bound by the tactical decisions of competent counsel." Id. (Citing Wainwright v. Sykes, supra, at 91, and n. 14; Henry v. Mississippi, 379 U.S. 443, 451 (1965)).

To establish "actual prejudice," contemplated in the first prong, the movant must show that the alleged error resulted in an "actual and substantial disadvantage," rather than a mere possibility of prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1977) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)).

To demonstrate a miscarriage of justice, contemplated in the second prong, the movement must prove "actual innocence" of the crime for which he was convicted, substantiating that "it is more likely than not, in light of all the evidence, that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)).

### C.    Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted.  The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Courts long have cited "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe her pleadings. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 - 1, 92 S.Ct. 594, 596 (1972) (per curiam); <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." <u>Id.</u> at 555, 570. In <u>Twombly</u>, the Supreme Court found that "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." <u>Id.</u> *at 570*. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. <u>Id.</u> at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> at 679. Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant

has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim.  Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly,  it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."  Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.


# IV.  ANALYSIS

The statute under which Petitioner seeks relief, 28 U.S.C. § 2255, provides for four avenues for relief for aggrieved persons, which required the Petitioner to prove one of the following: (1) that her conviction or sentence was imposed in violation of the laws or Constitution of the United States; (2) that the court which imposed sentence lacked jurisdiction; (3) that the sentence exceeded the maximum authorized by law; or (4) that the sentence was otherwise subject to collateral attack.  Petitioner has not specifically alleged any of these three circumstances, however, a liberal reading of her petition might be considered to fall under the fourth option for relief.  But even under that liberal reading of her petition, she is unable to prove that she is entitled to relief, because her sentence is not otherwise open to collateral attack.

The essence of Petitioner's claims is that in a broad criminal scheme she was a minor actor who "was just driving a vehicle" as part of the distribution of a controlled substance, and thus she deserves a lesser sentence. ECF No. 1935 at 1. The petition was timely filed in August 2016, following her sentencing on December 7, 2015, however, a review of the arguments raised by Petitioner and the Government demonstrates that Petitioner is entitled to no relief. Although Petitioner alleges two grounds for relief, those grounds are identical: "Retroactive Minor Role Reduction Pursuant to Amendment 794 § 3B1.1."[6] ECF No. 1898 at 5, 6. The court-approved form provides instructions which direct Petitioner to provide "supporting facts" for each ground, and further directs, "[d]o not argue or cite law. Just state the specific facts that support your claim." Id. at 5. However, in the two grounds raised by Petitioner she presents argument in both supporting facts sections. In Petitioner's supporting facts for Ground 1 she states, "[t]he degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority should be considered due to the nature of the defendant's involvement." Id. at 5. In Petitioner's supporting facts for Ground 2 she states, "[t]he nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and the discretion the defendant had in performing those acts." Id. at 6. Because the two grounds which Petitioner asserts are identical with differing arguments presented, the grounds are considered as a single claim herein.

A liberal reading of Petitioner's claim shows that the claim is frivolous as it is without merit either in law or in fact. Petitioner argues that she is entitled to retroactive

---

[6] Petitioner cites to § 3B1.1 to support a minor role reduction, however, the Court notes that § 3B1.1 regards an "Aggravating Role," and that § 3B1.2 regards a "Mitigating Role." United States Sentencing Commission Guidelines Manual, November 1, 2016, p. 363 – 64.

application of Guidelines Amendment 794 § 3B1.1, although she concedes that the Amendment "is not retroactive unless on direct appeal." ECF No. 1988 at 3. The Government makes three arguments: (1) that Petitioner procedurally defaulted when she failed to directly appeal her conviction and sentence; (2) that Petitioner knowingly and voluntarily waived her right to collaterally attack her sentence as a part of her plea agreement; and (3) that Amendment 794 is not applicable retroactively. For the reasons explained below, the undersigned finds the Government's arguments persuasive.

### A. Petitioner is prohibited from receiving relief on grounds in her § 2255 petition which she failed to directly appeal.

The law is well settled, that the writ of habeas corpus is an extraordinary remedy, and may not be substituted for a direct appeal; any nonconstitutional claims that could have been raised on direct appeal, but were not, are expressly prohibited from being raised in collateral proceedings. United States v. Frady, 456 U.S. 152, 165 (1982); Stone v. Powell, 428 U.S. 465, 477, n.10, (1976). In her properly filed motion to vacate, set aside or correct sentence, Petitioner did not indicate whether she appealed from her judgment of conviction, leaving the available boxes for either "Yes" or "No" in question 8 blank. ECF No. 1898 at 2. However, in her initial motion filed on improper forms, Petitioner conceded that she did not directly appeal her conviction by marking "No" in answer to question 8, "Did you appeal from the judgment of conviction?" ECF No. 1882 at 2. Stone v. Powell, supra, mandates that nonconstitutional claims, such as those raised by Petitioner, which could have been asserted on direct appeal but were not, "may not be asserted in collateral proceedings." Accordingly, because Petitioner failed

to directly appeal the issues raised herein, her attempt to raise those issues in this § 2255 proceeding fails.

**B.** **Petitioner knowingly and voluntarily waived her right to appeal or collaterally attack her sentence.**

In <u>United States v. Attar</u>, 38 F.3d 727, 731 (4th Cir. 1994) <u>quoting</u> <u>United States v. Wessells</u>, 936 F.2d 165, 167 (4th Cir. 1991), the Fourth Circuit held that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is 'the result of a knowing and intelligent decision to forgo the right to appeal.'" The Fourth Circuit further wrote that whether a waiver is knowing and intelligent, "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." <u>Id.</u> <u>quoting</u> <u>United States v. Davis</u>, 954 F.2d 182, 186 (4th Cir. 1992). However, the Fourth Circuit found that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review on certain limited grounds. <u>Id.</u> at 732.

The Court recognized that a defendant, "could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." <u>Id.</u> <u>quoting</u> <u>U.S. v. Marin</u>, 961 F.2d 493 (4th Cir. 1992). Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations." <u>Id.</u>

The Fourth Circuit has also found there is, "no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." United States v. Lemaster, 403 F.3d 616, n. 2 (2012). Therefore, a waiver of the right to collaterally attack a sentence is valid as long as the waiver is knowing and voluntary. Id. When reviewing an ineffective assistance of counsel claim in a case where there is a waiver of collateral-attack rights in a plea agreement, a court must first determine whether there is valid waiver which:

> [D]epends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Although this determination is often made based on adequacy of the plea colloquy—specifically, whether the district court questioned the defendant about the appeal waiver—the issue ultimately is evaluated by reference to the totality of the circumstances. Thus, the determination must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (internal citations and quotations omitted).[7] Thus, if a reviewing court finds that the waiver of rights was valid, any collateral attack including an ineffective assistance of counsel claim related to the plea agreement, is barred by the waiver, provided that a plaintiff may still pursue a collateral attack or appeal related to imposition of an illegal sentence or plea proceedings conducted in violation of the Constitution.

Paragraph 10 of Petitioner's plea agreement contained a specific waiver of her appellate rights, "including any proceeding under 28 U.S.C. § 2255." ECF No. 738 at 4.

---

[7] The unpublished decision United States v. Morris, No. 07-4223, slip op. (4th Cir. Sept. 13, 2007) suggests that when a court conducted a thorough Rule 11 colloquy and the defendant specifically mentioned he waived the right to appeal any sentence below the statutory maximum, the record thereby established that defendant made a knowing and voluntary waiver of rights.

Examination of the totality of the circumstances in Petitioner's case, as mandated by Blick, includes consideration of the waiver provision in Petitioner's plea agreement, the plea agreement as a whole, the plea colloquy and Petitioner's ability to understand those proceedings. Upon review, the undersigned finds that Petitioner validly waived her right to appeal. At the time of her plea and sentencing, Petitioner was 32 years old, and could read, write and understand the English language. ECF No. 1960 at 5:5 – 11. Further, Petitioner was familiar with the courts, having previously been convicted of various misdemeanor offenses and the felony offense of possessing heroin with intent to distribute the same in the Circuit Court of Frederick County, Maryland, in 2006, for which conviction she was sentenced to seven years of incarceration, with all but one year of that term suspended. ECF No. 1370 at 15 - 19. Petitioner twice waived her appellate rights, first when she signed a written waiver of her right to appeal her plea agreement, or any pre-trial or post-conviction rulings of the court related thereto, and second when she verbally waived her rights upon the record during the plea colloquy with the Court. ECF Nos. 738 at 4, 1960 at 33:21 – 36:6. Moreover, in her "Response towards Government's Opposition," Petitioner concedes that she, "does not argue the terms of the plea agreement signed." ECF No. 1988 at 3. Petitioner instead argues that "misconduct of justice" would result if Amendment 794 is not retroactively applied to her sentence. Id.

During the plea colloquy, upon questioning from the Court, Petitioner indicated that she understood what her plea agreement did, and that she had no questions about the document. ECF No. 1960 at 15:5 – 13. Further, Petitioner acknowledged that she signed each of the six pages of the written agreement, and that she had discussed each

paragraph with his counsel prior to signing the agreement. Id. at 15:14 – 16:2. Petitioner then agreed that the written plea agreement represented the entirety of his agreement with the Government. Id. at 17:6 – 13. Petitioner then acknowledged she understood her Constitutional rights, including her right to appeal. Id. at 33:25 – 34:18. She also acknowledged that she understood that by the terms of her plea agreement she was either limited or completely prohibited from appealing her conviction and sentence. Id. Upon questioning from the Court, Petitioner conceded that her guilty plea was lawful and voluntary and that there were no fundamental defects in the proceedings. Id. at 35:19 – 23. Petitioner further confirmed that she understood that although she had the right to challenge her conviction through a post-conviction habeas corpus proceeding, she was waiving that right as a term of her plea agreement. Id. at 34:24 – 35:13. Petitioner confirmed that she understood she had only two legal remedies to attack her conviction in a habeas corpus proceeding, by claiming either: (1) ineffective assistance of counsel; or (2) prosecutorial misconduct. Id. at 35:14 – 22. Petitioner further conceded that she knew of no circumstance of either ineffective assistance of counsel or prosecutorial misconduct. Id. Last, the Petitioner confirmed that she had discussed with her counsel her legal rights, the consequences of a waiver of those rights, and that she wished to proceed with the plea and waive her rights. Id. at 35:25 – 36:6. Petitioner's counsel advised the court that he believed Petitioner fully understood the importance of the rights she was waiving and the consequences of her guilty plea. Id. at 36:7 – 10; 39:12 - 15.

Following the lengthy plea colloquy, the Court found that Petitioner "understands the constitutional and other legal rights she is giving up because of the plea," and that

Petitioner's plea was voluntary.  ECF No. 1960 42:7 – 10.  At sentencing, the District Court further advised Petitioner about the consequences of waiving her appellate rights, and what rights she retained despite her waiver:

> Ms. Hahn, although a defendant who has pled guilty has the right to appeal from the judgment of this Court, a defendant who has pled guilty may waive that right as part of a plea agreement. You entered into a plea agreement which waived in whole or in part your right to appeal your sentence. Those types of waivers are generally enforceable, and it appears as though it is enforceable in your case.
> However, if you decide to appeal, you must file a notice of appeal with the clerk of Court within 14 days following entry of the judgment and commitment order.

ECF No. 1961 at 15:10 – 22.

In consideration of the totality of the circumstances presented, the undersigned finds that Petitioner knowingly, intelligently and validly waived her appellate rights, including her right to challenge her conviction in a collateral attack such as the instant petition filed under 28 U.S.C. § 2255.  Further, the undersigned finds that under the holding of Mabry v. Johnson, supra, and Bousley v. United States, supra, Petitioner is prohibited from collaterally attacking her conviction, having validly waived her appellate rights and right to collaterally attack her conviction and sentence.  Petitioner was advised by competent counsel, and voluntarily and intelligently entered her guilty plea. Pursuant to Mabry, Petitioner is prohibited from collaterally attacking her guilty plea. Petitioner urges that failure to consider her collateral attack would result in a miscarriage of justice.  However, this claim likewise fails.  Petitioner has made no showing that a miscarriage of justice would result from the refusal of the Court to entertain her collateral attack.  Bousley, supra, holds that to demonstrate a miscarriage of justice Petitioner must prove her actual innocence of the crime, and that, "it is more

likely than not [ ] that no reasonable juror would have convicted [her]." 523 U.S. at 623. During the plea colloquy the Petitioner conceded that the evidence presented by the Government was substantially correct and accurately reflected her involvement in the criminal activity. ECF No. 1960 at 27: 14 – 20. Additionally, in her pleadings Petitioner admits that she played a minor role in the criminal activity, and that she drove a vehicle in furtherance of that criminal activity. ECF Nos. 1898 at 5 – 6, 1935 at 1. Because Petitioner is unable to demonstrate her actual innocence or that no reasonable juror would have convicted her, Bousley holds that she is not entitled to relief under 28 U.S.C. § 2255.

> **C.** **Petitioner is not entitled to an Amendment 794 reduction in her sentence.**

Petitioner's argument regarding application of Amendment 794 to her claim also fails in light of her failure to directly appeal her conviction and sentence. Petitioner concedes that she "understand[s] that amendment 794 is not retroactive unless on direct appeal," but nonetheless asks the Court to "consider [her] motion [filed pursuant to] 28 U.S.C. § 2255 an appealing method." ECF No. 1988 at 3. Petitioner does not argue that her sentence was illegal when imposed, that it was imposed in violation of United States law, or that any other defects cognizable under § 2255(a) are present in her case. Instead, Petitioner seeks to receive retroactive benefit of an amendment that became effective after she entered her plea, which she did not directly appeal and which she concedes should not be retroactively applied outside of a direct appeal. Therefore, Petitioner's motion under §2255 fails.

For all the reasons stated herein, specifically that: (1) Petitioner failed to file a direct appeal constituting a collateral default, (2) waived her right to appeal and

collaterally attack her conviction and sentence, and (3) concedes the application of Guidelines Amendment 794 is not retroactive in this proceeding, her claim is without arguable merit either in law or in fact. The undersigned finds that there is no set of facts in support of Petitioner's claim which would entitle her to relief. Accordingly, the undersigned finds that Petitioner's § 2255 action is frivolous.


## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Petitioner's initial motion to vacate, set aside or correct her sentence [ECF No. 1882] and the refiled motion to vacate, set aside or correct her sentence [ECF No. 1898] be **DENIED** and that the Court find the same to be frivolous. The undersigned further **RECOMMENDS** that Respondent's Motion to Dismiss [ECF No. 1979] be **GRANTED**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985); Wells v. Shriners Hosp., 109 F.3d 198 (4th Cir 1997).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to send a copy of this Order to the Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED:  August 9, 2017

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE